IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LULAC, | § | |
|     PLAINTIFF | § | |
| V. | § | No. 5:15-CV-00219-RP |
| STATE OF TEXAS, MICHAEL WILLIAMS, in his official capacity as the COMMISSIONER OF EDUCATION, TEXAS EDUCATION AGENCY, | § | |
| SOUTHWEST INDEPENDENT SCHOOL DISTRICT, LLOYD VERSTUYFT in his official capacity as SUPERINTENDENT OF SOUTHWEST INDEPENDENT SCHOOL DISTRICT, SOUTHWEST INDEPENDENT DISTRICT BOARD OF TRUSTEES, | § | |
| NORTHEAST INDEPENDENT SCHOOL DISTRICT, BRIAN G. GOTTARDY in his official capacity as SUPERINTENDENT OF NORTHEAST INDEPENDENT SCHOOL DISTRICT, NORTHEAST INDEPENDENT DISTRICT BOARD OF TRUSTEES, | § | |
|     DEFENDANTS | § | |

## ORDER

Before the Court are Defendants' Brian Gottardy and the North East Independent School District Board of Trustees' Rule 12(b)(6) Motion to Dismiss, filed March 26, 2015 (Clerk's Dkt. #165); Defendants Southwest Independent School District, Lloyd Verstuyft, in his Official Capacity as Superintendent, and Southwest Independent School District's Board of Trustees' Rule 12(b)(6) Motion to Dismiss, filed March 27, 2015 (Clerk's Dkt. #166); Plaintiff's Response to Motions to Dismiss by Defendants North East ISD Board of Trustees and Superintendent Brian Gottardy and Southwest ISD, Southwest ISD Board of Trustees and Superintendent Lloyd Verstuyft, filed April 13, 2015 (Clerk's Dkt. #173); and Reply to Plaintiff's Response to Motion to Dismiss by Defendants

Brian G. Gottardy and the North East ISD Board of Trustees, filed April 20, 2015 (Clerk's Dkt. #176). Having reviewed the parties' pleadings and the applicable law, as well as the entire case file, the Court issues the following Order.

## BACKGROUND

This case descends from a lawsuit filed in 1971 in the Eastern District of Texas alleging the violation of Hispanic English language learner ("ELL") students' civil rights as a result of receiving inadequate instruction in Texas high schools. The present case was severed from the original litigation and transferred to this Court's docket on March 20, 2015.

Plaintiff League of United Latin American Citizens ("LULAC") asserts, on behalf of itself and its members, that the Defendant school districts, together with their boards of trustees and superintendents, violated the Equal Educational Opportunities Act (the "EEOA") by failing to provide adequate instruction to ELL students as required thereunder. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants move to dismiss Plaintiff's claims against the boards of trustees and superintendents in their official capacities for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57 (2007).

Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, 550 U.S. at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 678-79. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*., 556 U.S. at 679. Thus, in considering a motion to dismiss the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)(2)).

## **DISCUSSION**

As a preliminary matter, there is some disagreement between the parties as to whether the boards of trustees and superintendents are proper parties to this lawsuit under the EEOA. In light of the Court's findings set forth below regarding whether the claims against such defendants in their official capacities are duplicative and redundant of the claims against the school districts themselves, the Court need not address this issue.

Defendants argue Plaintiff's claims against the individual defendants should be dismissed as redundant and unnecessary. Plaintiff contends the inclusion of such official-capacity defendants in this lawsuit is necessary to ensure the enforcement of any injunctive relief granted in this case.

Suits against government officials in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*., at 166. "The official-capacity claims and the claims against the governmental entity essentially merge." *Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 485 (5th Cir. 2000).

District courts in Texas have uniformly held official-capacity claims should be dismissed as duplicative and redundant where the government entity for which the individual serves is also named as a defendant. *See Harris v. City of Balch* Springs, 9 F. Supp. 3d 690 (N.D. Tex. 2014); *Rollerson v. City of Freeport*, 2013 U.S. Dist. LEXIS 70708 (S.D. Tex. May 16, 2013); *Hawkins v. Montague County*, 210 U.S. Dist. LEXIS 116361 (N.D. Tex. Nov. 1, 2010);  *Walston v. City of Port Neches*, 980 F. Supp. 872 (E.D. Tex. 1997); *Butler v. Nance*, 2001 U.S. Dist. LEXIS (N.D. Tex. June 12, 2001); *Abdeljalil v. City of Fort Worth*, 1998 U.S. Dist. LEXIS 23182 (N.D. Tex. Dec. 22, 1998). The same reasoning applies in the context of school districts and their officials. *See Tristan v. Socorro Indep. Sch. Dist.*, 902 F.Supp. 2d 870 (W.D. Tex. 2012); *J.D. v. Georgetown Indep. Sch. Dist.*, 2011 U.S. Dist. LEXIS 79335 (W.D. Tex. July 21, 2011);  *Doe v. Rains Indep. Sch. Dist.*, 865 F.Supp. 375 (E.D. Tex. 1994).

In the present case, Plaintiff's claims against the boards of trustees and superintendents in their official capacities are unnecessary "because any disputed issues that must be resolved in conjunction with the official capacity claims are the same as those requiring resolution in the claims against the school district." *Rains Indep. Sch. Dist.*, 865 F. Supp. at 378. For purposes of this litigation, each school district together with its board of trustees and superintendent constitute a single legal entity. The Court finds the claims against the boards of trustees and superintendents should be dismissed as duplicative and redundant of the claims against the districts.

4

Plaintiff argues any injunctive relief granted in this action may prove to be unenforceable with only the school districts as defendants. However, the Supreme Court has expressly held "[t]here is no longer a need to bring official capacity actions against local government officials, for under *Monell* local government units can be sued directly for damages and injunctive or declaratory relief." *Graham*, 473 U.S. at 166, n. 14 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Moreover, Federal Rule of Civil Procedure 65 provides that any Order of this Court granting injunctive relief binds not only the parties, but "the parties' officers, agents, servants, employees, and attorneys," as well as "any other persons who are in active concert or participation with" any of the foregoing. FED. R. CIV. P. 65(d)(2). Therefore, any injunctive relief granted by this Court against the school districts would be binding on their boards of trustees and superintendents.

Accordingly, the Court finds the official-capacity claims against the boards of trustees and superintendents should be dismissed pursuant to Rule 12(b)(6).

**IT IS THEREFORE ORDERED** Defendants' Brian Gottardy and the North East Independent School District Board of Trustees' Rule 12(b)(6) Motion to Dismiss (Clerk's Dkt. #165) is hereby **GRANTED**, and Plaintiff's claims against Superintendent Brian Gottardy and the North East Independent School District Board of Trustees are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** Defendants Southwest Independent School District, Lloyd Verstuyft, in his Official Capacity as Superintendent and Southwest Independent School District's Board of Trustees' Rule 12(b)(6) Motion to Dismiss (Clerk's Dkt. #166) is hereby **GRANTED**, and Plaintiff's claims against Superintendent Lloyd Verstuyft and the Southwest Independent School District's Board of Trustees are hereby **DISMISSED**.

**SIGNED** on May 29, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE