IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, | § § § | |
| Plaintiff, | § § | |
| v. | § | 5:15-cv-219-RP |
| STATE OF TEXAS, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER DENYING CLASS CERTIFICATION

Before the Court are Plaintiff's Motion for Class Certification and Appointment of Class Counsel, (Dkt. 232), the responsive briefings thereto, and Magistrate Judge Primomo's Memorandum and Recommendation regarding Plaintiff's motion, (Dkt. 268). Having considered the parties' submissions, the record, and the applicable law, the Court issues the following Order.

## I. BACKGROUND

Plaintiff League of United Latin American Citizens ("LULAC") brought suit under the Equal Educational Opportunities Act ("EEOA"), 20 U.S.C. § 1703(f), seeking declaratory and injunctive relief. Plaintiff seeks an order requiring that the State of Texas; Michael Morath, in his official capacity as the Commissioner of Education; and the Texas Education Agency ("TEA") (collectively, the "State Defendants") effectively monitor, enforce, and supervise programs for English language learner ("ELL") students in Texas public schools. Plaintiff further seeks an order requiring that Defendants Southwest Independent School District ("SWISD") and North East Independent School District ("NEISD") effectively implement, monitor, and supervise locally their

language programs to ensure that ELL students receive appropriate educational programs and equal educational opportunities.[1]

The EEOA states that "[n]o State shall deny equal educational opportunity to an individual on account of his or her race, color, sex, or national origin, by . . . (f) the failure by an educational agency to take appropriate action to overcome language barriers that impede equal participation by its students in its instructional programs." 20 U.S.C. § 1703. Plaintiff's Amended Complaint, (Dkt. 130), is the latest iteration in long-running litigation against the state of Texas to enforce the EEOA. This case is an offshoot of a suit originally filed in 1970 in the Eastern District of Texas by the United States against the State of Texas, which eventually resulted in a permanent injunctive order requiring, among other things, that the TEA take a set of actions related to educational opportunity for minority students. *United States v. Texas* (*LULAC I*), 506 F. Supp. 405, 409 (E.D. Tex. 1981), *rev'd*, 680 F.2d 356 (5th Cir. 1982). Relevant to this motion for class certification, Plaintiff was permitted to intervene in July 1972 "for all purposes as representatives of all persons of Mexican-American descent or nationality in the State of Texas" to enforce the court's order and seek supplemental relief. *Id.* at 410.

After intervening, Plaintiff has twice litigated to enforce the district court's order and to bring claims under the EEOA. *See United States v. Texas* (*LULAC II*), 680 F.2d 356 (5th Cir. 1982) (reversing *LULAC I*, 506 F. Supp. 405); *United States v. Texas* (*LULAC VI*), 601 F.3d 354 (5th Cir. 2010) (reversing *United States v. Texas* (*LULAC IV*), 572 F. Supp. 2d 726 (E.D. Tex. 2008)). Twice, the Fifth Circuit indicated concern that the litigation did not include one or more individual school districts. *LULAC VI*, 601 F.3d at 373 ("we encourage the district court and the parties involved to reconsider whether one or more individual school districts should be added to this litigation in order

---

[1] Plaintiffs' claims against NEISD and related defendants were dismissed, (Order, Dkt. 212); only SWISD and related defendants remain. The Court will hereinafter refer to SWISD, Lloyd Verstuyft in his official capacity as SWISD superintendent, and the SWISD board of trustees collectively as the "SWISD Defendants."

for it to proceed"); *LULAC II*, 680 F.2d at 374 ("We fail to see how such questions [of EEOA compliance] can be properly resolved in the absence of the school district concerned . . . ."). After the Eastern District of Texas severed Plaintiff's EEOA claims, (Order, Dkt. 1, at 2), Plaintiff filed an amended complaint including two San Antonio school districts, (Dkt. 130, ¶¶ 6–14), and this action was transferred to the Western District of Texas, (Order, Dkt. 162).

Plaintiff now seeks to certify a class of "all Latino English Language Learner students attending public secondary schools in Texas" (the "Statewide Class") and a subclass of "all Latino English Language Learner students attending public secondary schools in [the] Southwest Independent School District" (the "SWISD Subclass"). (Am. Compl., Dkt. 130, ¶ 3; Mot. Class Cert., Dkt. 232, at 2). This Court referred Plaintiff's Motion for Class Certification and Appointment of Class Counsel to Magistrate Judge Primomo for report and recommendation, (Dkt. 267), and the magistrate judge recommended denying Plaintiff's motion, (Mem. & Rec., Dkt. 268, at 16). Plaintiff did not object to the magistrate judge's recommendation.

## II. STANDARD OF REVIEW

Under federal statute and the Federal Rules of Civil Procedure, magistrate judges may make findings and recommendations on dispositive motions. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). Motions to certify a class action are dispositive motions under the Federal Magistrates Act. *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763 (5th Cir. 2016) (citing 28 U.S.C. § 636(b)(1)(A)). For dispositive motions, parties are entitled to *de novo* review of any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). Even when no objections are made, however, the district judge has the discretion to "accept, reject, or modify the recommended disposition" regarding dispositive motions. *Id.*; *see also Thomas v. Arn*, 474 U.S. 140, 156 (1985). Accordingly, this Court has the discretion to review *de novo* the magistrate judge's recommendation on Plaintiff's motion for class certification.

3

## III. DISCUSSION

Plaintiff is a Latino political association founded in 1929 with approximately 4,500 members in Texas. (Flores Decl., Dkt. 245-6, at 1, 6). Plaintiff does not track which school districts its members live in or which members are ELLs or parents of ELL students. (*Id.* at 6). Plaintiff declares through its former national president that many of its members are ELLs or parents of ELLs and that many of its members or their children attend schools throughout Texas, including in San Antonio. (*Id.*). Plaintiff identifies two of its members—Zulema Perez and Francisco Gomez—whose students are or were ELL students in SWISD schools. (Perez Decl., Dkt. 246; Gomez Decl., Dkt. 246-1). Plaintiff asserts the claims of its members. (Mot. Class Cert., Dkt. 232, at 51).

When Plaintiff filed its motion for class certification in January 2017, Ms. Perez had two children who were ELL students: S.A.P. (sixth grade) and S.M.P. (fourth grade). (Perez Decl., Dkt. 246, at 4–5). Mr. Gomez had three children who were ELL students at that time: I.N.G. (fifth grade), D.A.G. (second grade), and A.G.G. (pre-kindergarten). (Gomez Decl., Dkt. 246-1, at 4). Plaintiff argued that S.A.P. was suffering an injury-in-fact as a secondary-school ELL who was being harmed by Defendants' policies. (Mot. Class Cert., Dkt. 232, at 48–49). Plaintiff argued that S.M.P. and I.N.G. were suffering injuries-in-fact as primary-school ELLs who were on the verge of being harmed by Defendants' policies when they entered sixth grade. (*Id.*).

Then, on June 2, 2017, both S.A.P. and I.N.G. were exited from the ELL program. (SW. Defs.' Sur-Reply, Dkt. 264, at 2–3). That left S.M.P. as the lone remaining ELL in SWISD schools among Plaintiff's identified members.[2] S.M.P. was then a rising fifth grader who would not enter

---

[2] Plaintiff argues that S.A.P. remains a class member despite being exited from the program because she is subject to two years of monitoring and evaluation under Texas Education Code § 29.0561. (Pl.'s Reply, Dkt. 261, at 5 n.7). The SWISD Defendants respond that despite being a "first-year monitor," S.A.P. is not an ELL—and thus not a class member—because she is not classified as an ELL for TEA reporting purposes. (SW. Defs.' Sur-Reply, Dkt. 264, ¶ 1). The Court agrees with the SWISD Defendants that a first-year monitor who has been exited from the program is not a class member. First, Plaintiffs' claims do not challenge the efficacy of state or district programs or policies pertaining to exited students subject to post-exit monitoring. (*See* Am. Compl., Dkt. 130; Mot. Class Cert., Dkt. 232). Moreover, the text of the monitoring statute indicates that post-exit monitors are not ELL students; the statute states that a language

4

secondary school until August 2018 and would not necessarily be an ELL when he got there. The SWISD Defendants therefore argued that S.M.P.'s injury was too contingent on uncertain future events to establish standing. (*Id.* at 3). The magistrate judge agreed, finding that "[a]ny claim by S.M.P. is purely hypothetical" and that Plaintiff had failed to establish that S.M.P.'s injury was sufficiently imminent to provide Plaintiff with standing. (Mem. & Rec., Dkt. 268, at 15). The magistrate judge's conclusion regarding Plaintiff's standing was the sole basis for recommending that the Court deny class certification. (*Id.* at 15–16). The Court declines to adopt the magistrate judge's findings and conclusions regarding Plaintiff's standing through S.M.P.[3] The Court nonetheless finds, however, that Plaintiff has not met the requirements of Rule 23.

### A.  Rule 23

Rule 23 permits "[o]ne or more members of a class [to] sue . . . as representative parties." Fed. R. Civ. P. 23(a). Among other things, a class member must "fairly and adequately protect the interests of the class," *id.* at (a)(4), which the U.S. Supreme Court has construed to require that "[a] class representative must be part of the class." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997) (quoting *East Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)).

The State Defendants argue that S.M.P. cannot be a class representative—and thus that Plaintiff cannot be a class representative—because S.M.P. is not a class member. (St. Defs.' Resp., Dkt. 256, at 25) (citing *Rodriguez*, 431 U.S. at 403–04). Plaintiff states that S.M.P. is a member of

---

proficiency assessment committee ("LPAC") has the discretion to "reenroll" a student in an ELL program. Tex. Educ. Code. § 29.0561(c). Accordingly, not only are S.A.P. and other recently exited students not class members, but the discretion given to a third party makes it uncertain that a recently exited student will rejoin the class. *See* Tex. Educ. Code. § 29.0561 (vesting discretion in LPAC officials to decide whether to reenroll exited students).

[3] S.M.P. has already been an ELL for over four years. (Perez Decl., Dkt. 237, at 3). S.M.P.'s composite TELPAS score regressed a level between Spring 2016 and Spring 2017. (TELPAS Report, Dkt. 257-12, at 5). S.M.P. failed his STAAR writing exam in May 2017, earning a score in only the 27th percentile. (STAAR Report, Dkt. 264-5, at 2). All of these facts reduce the likelihood that S.M.P. will exit SWISD's ELL program at the end of his fifth-grade year. In light of these facts, the Court is less certain than the magistrate judge that there is not a "substantial risk" that S.M.P. will be subject to the harms alleged by Plaintiffs come August 2018. *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014). However, because the Court holds that Plaintiff does not meet the requirements of Rule 23, the Court declines to decide whether S.M.P. has Article III standing for the purpose of ruling on Plaintiff's motion for class certification.

both the Statewide Class and the SWISD Subclass "because the classes include all individuals who *will attend* public secondary school in Texas . . . and public secondary school in SWISD." (Pl.'s Reply, Dkt. 261, at 9 n.17 (emphasis added)).

Plaintiff's assertion in its reply is plainly at odds with the language with which it describes the Statewide Class and the SWISD Subclass in its Amended Complaint and its Motion for Class Certification. In both its complaint and its motion, Plaintiff describes the Statewide Class as "a class of 'all Latino English Language Learner students *attending* public secondary schools in Texas.'" (Am. Compl., Dkt. 130, ¶ 3; Mot. Class Cert., Dkt. 232, at 2 (emphasis added)). In both filings, Plaintiff similarly describes the Statewide Class as "all Latino English Language Learner students *attending* public secondary schools in [the] Southwest Independent School District" (*Id.* (emphasis added)). "Attending" is a present-tense verb; it does not include the same set of students as those who, in the future, "will attend" secondary school. The Court therefore finds that S.M.P. is not a member of either class; as a current fifth grade student, S.M.P. is not attending a secondary school in Texas or SWISD.

Although there are some exceptions,[4] the weight of case law requires that a class representative be a member of the class he or she seeks to represent. *Camp v. Allstate Ins. Co.*, 100

---

[4] In *Gratz v. Bollinger*, 539 U.S. 244 (2003), the Court recognized an exception to the usual Rule 23 class membership requirement for class representatives whose facts and claims "did not implicate a significantly different set of concerns" than do the class members' facts and claims. *Gratz*, 539 U.S. at 256–57. In *Gratz*, a transfer applicant challenged a university's affirmative action policy on behalf of both transfer and freshman applicants. *Id.* at 252–53, 262. One issue was whether the transfer applicant was an adequate class representative for freshman applicants, since he was not a member of that class. *Id.* at 262–63. The university applied a nearly identical affirmative action policy to both freshman and transfer applicants. *Id.* at 265–66. Accordingly, the Court found that the university's transfer-application policy "did not implicate a significantly different set of concerns" than did its freshman-application policy and upheld the transfer applicant's designation as a class representative for freshman-applicant class members. *Id.* at 265–67.

Other courts have relied on the *Gratz* exception to allow a class representative to represent a class of which he or she was not a member. *See Melendres v. Arpaio*, 784 F.3d 1254, 1263–64 (9th Cir. 2015); *McFadden v. Bd. of Educ. for Ill. Sch. Dist. U-46*, 984 F. Supp. 2d 882, 889 (N.D. Ill. 2013) (applying the *Gratz* exception in an EEOA case); *Riaubia v. Hyundai Motor Am.*, No. CV 16-5150, 2017 WL 3602520, at *2 (E.D. Pa. Aug. 22, 2017). However, like *Gratz*, these cases have demanded a tight fit between the potential class representative's claims and the class's claims. *E.g.*, *Melendres*, 784 F.3d at 1263 (applying *Gratz*'s exception where a defendant applied the same policies in two different situations). Here, Plaintiff neither briefed the Court on whether S.M.P.'s claims are sufficiently similar to warrant application of the *Gratz* exception nor objected to the magistrate judge's report and recommendation. The risk of harm faced by S.M.P. as a primary school

F.3d 953, 953 (5th Cir. 1996) (holding that because a potential class representative was "not a member of the sub-class he purports to represent . . . [his] claims [were] not typical of other sub-class claims, nor [could] he be an adequate sub-class representative"); *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 260 n.15 (3d Cir. 2012) (stating that in a Rule 23 action, "the representative must be a member of the class") (quotation marks omitted); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1471 (6th Cir. 1989) ("Under [Rule] 23, the class representative must be a member of the class he claims to represent."); *Foster v. Ctr. Twp. of LaPorte Cty.*, 798 F.2d 237, 244 (7th Cir. 1986) ("It is, of course, axiomatic that the named representative of a class must be a member of that class."); *Betts v. Reliable Collection Agency, Ltd.*, 659 F.2d 1000, 1005 (9th Cir. 1981) (describing as "fundamental" the "requirement that the representative plaintiff must be a member of the class he represents").

Accordingly, district courts in this circuit routinely bar plaintiffs from serving as class representatives if they are not members of the classes they seek to represent. *See Middleton v. Arledge*, No. CIV.A. 3:06-CV-303WH, 2008 WL 906525, at *8 (S.D. Miss. Mar. 31, 2008) ("[T]he party seeking to act in a representative capacity under Rule 23 must be a member of the proposed class[.]"); *Hall v. Am. Dairy Queen Corp.*, No. CIV. A. 4-90-677-A, 1991 WL 699824, at *3 (N.D. Tex. May 9, 1991) ("Because a person cannot represent a class of which he is not a member, the court finds that neither [of two potential class representatives] is an appropriate class representative."); *Gray v. Frito-Lay, Inc.*, No. J81-0516(N), 1982 WL 397, at *4 (S.D. Miss. Aug. 12, 1982) ("[P]laintiff could not act as the representative of these employees because he is not a member of the class[.]").

The party seeking class certification bears the burden of proving that it has met Rule 23's requirements for class certification. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996). Plaintiff is asserting the claims of its members. (Mot. Class Cert., Dkt. 232, at 51). However, Plaintiff

---

student differs from the risk of harm faced by current secondary school students in terms of immediacy and uncertainty that the he will be subject to the harm at all. The Court is sufficiently concerned with the variance between S.M.P. and the class members that it declines to apply the narrow *Gratz* exception *sua sponte*.

has only brought forward two people to that its members are members of the classes it seeks to represent. Of the two, neither has a child who is a member of either the Statewide Class ("all Latino English Language Learner students attending public secondary schools in Texas") or the SWISD Subclass ("all Latino English Language Learner students attending public secondary schools in [the] Southwest Independent School District"). (*Id.* at 2). Plaintiff has failed to otherwise present evidence that its members are class members; on the contrary, Plaintiff admits that it does not track which school districts its members live in or which members are ELLs or parents of ELL students, (Flores Decl., Dkt. 245-6, at 6). Accordingly, Plaintiff has failed to meet its burden to prove that it meets Rule 23's fundamental requirement that a class representative be a member of the class it seeks to represent.[5] The Court therefore finds that Plaintiff's Motion for Class Certification, (Dkt. 232), should be denied.

## IV. CONCLUSION

Despite holding that Plaintiff does not meet Rule 23's requirements at this time, the Court takes notice that Plaintiff has been representing a statewide class of Mexican-American students in related litigation since it intervened to enforce the district court's order in 1972. Therefore, **IT IS**

---

[5] The Court acknowledges that federal courts sometimes analyze variances between class representatives and class members as a matter of Article III standing instead of Rule 23 compliance. *See Gratz*, 539 U.S. at 263 n.15 (noting the "tension in our prior cases" between analyzing differences between class representatives and class members "under the rubric of standing or [Rule 23] adequacy" and citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 149 (1982) (taking a Rule 23 approach) and *Blum v. Yaretsky*, 457 U.S. 991, 999 (1982) (taking a standing approach)); *Melendres*, 784 F.3d at 1262 ("adopt[ing] the class certification approach"); *Ramona Two Shields v. United States*, 820 F.3d 1324, 1331 (Fed. Cir. 2016) (analyzing the issue as a matter of standing); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145, 162 (2d Cir. 2012) (same).

The Court notes that Plaintiff's argument for S.M.P.'s standing does briefly touch on the similarity between S.M.P. and the class members he seeks to represent. (*See* Pl.'s Reply, Dkt. 261, at 9 (asserting that S.M.P. "face[s] the same risk of harm . . . regarding Defendants [sic] secondary-school ELL [p]rograms because [S.M.P. is] likely to become [a] secondary-school ELL at SWISD.")) However, the bulk of Plaintiff's standing argument focuses on the imminent risk of harm to S.M.P., (*id.* at 9–12), and Plaintiff does not discuss the *Gratz* exception or explain why it might apply here.

The *Gratz* Court declined to resolve the doctrinal tension it identified because it held that the potential class representative met the requirements of both Article III and Rule 23. *Gratz*, 539 U.S. at 263. Here, Plaintiff seeks to be appointed as class representative, and must therefore comply with Rule 23's requirements. Because this Court holds that Plaintiff does not meet Rule 23's requirements, it need not resolve the doctrinal tension or determine Plaintiff's standing.

**HEREBY ORDERED** that Plaintiff's Motion for Class Certification and Appointment of Class Counsel, (Dkt. 232), is **DENIED WITHOUT PREJUDICE**.

**SIGNED** on November 1, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE